**Staci M. WILLIAMS, Plaintiff,**

v.

**George MUNOZ, President and Chief Executive Officer of the Overseas Private Investment Corporation, Defendant.**

**No. Civ.A.99–0417.**

United States District Court, District of Columbia.

July 19, 2000.

Kevin P. Jenkins, Bowie, MD, for plaintiff.

Eric M. Jaffe, Assistant U.S. Attorney, Washington, DC, for defendant.

### MEMORANDUM ORDER

ROBERTSON, District Judge.

Before the court is a defense motion [# 22] to dismiss some but not all counts of a multi-count employment discrimination complaint. The motion is **granted in part**: Count 1, charging discriminatory failures to promote, is untimely; Count 6, charging retaliatory removal, was waived; and because the plaintiff failed to exhaust her administrative remedies, the court lacks jurisdiction over Count 9, charging unlawful seizure of wages, and those parts of Count 2 that charge seizure of wages and work product disparagement. The motion to dismiss Count 8, which charges discriminatory assignment to training opportunities, is **denied**. The reasons for this order are set forth below.

### Count 1 (Discriminatory Failures to Promote)

Count 1, charging discriminatory failures to promote, purports to cover the period November 1, 1995 to September 10, 1999, but its specific allegation is that non-African American co-workers (with no more experience or education than plaintiff had) received two grade increases between November 1995 and July 1997, while plaintiff received none.

A timely administrative charge is a prerequisite to initiation of a Title VII action. *Jarrell v. United States Postal Service*, 753 F.2d 1088, 1091 (D.C.Cir. 1985). Pursuant to 29 C.F.R. § 1614.105(a)(1), a person complaining of racial discrimination must consult an Equal Employment Opportunity (EEO) counselor within 45 days of the date of the matter alleged to be discriminatory. Ms. Williams acknowledges that she did not contact an EEO Counselor until December 5, 1997, over four months after the date on which the allegedly discriminatory promotions were given to others, but she argues that her contact was not untimely because defendant's violation of the law was continuing.

A plaintiff seeking to establish a continuing violation must show "[i] a series of related acts, one or more of which falls within the limitations period, or [ii] the maintenance of a discriminatory system both before and during the limitations period." *McKenzie v. Sawyer*, 684 F.2d 62, 72 (D.C.Cir.1982). Plaintiff has not made an allegation that would fit the second prong, and has indeed effectively admitted the absence of any "system" for promotions.[1] Her argument instead invokes the first prong: she asserts that each paycheck she received was one of a series of related acts, each one an additional violation, because each was for less than she would have been paid had she been promoted. This argument relies on *Bazemore v. Friday*, 478 U.S. 385, 106 S.Ct. 3000, 92

---

1. She alleges that promotions are approved  on an ad-hoc basis.

L.Ed.2d 315 (1986). *Bazemore* did hold that "[e]ach week's paycheck that delivers less to a black than to a similarly situated white is a wrong actionable under Title VII," but the Court limited that holding to the facts before it, which were quite different from the facts of this case. *Id.* at 395–396, 106 S.Ct. 3000. The Supreme Court has also stated that it is insufficient to allege that an action "gives present effect to the past illegal act and therefore perpetuates the consequences of forbidden discrimination," *Delaware State College v. Ricks*, 449 U.S. 250, 258, 101 S.Ct. 498, 66 L.Ed.2d 431 (1980), and the D.C. Circuit has noted that "[t]he critical question is not whether past practices have current consequences, but whether any present violation exists ... for which the plaintiff has made a timely administrative charge." *Valentino v. United States Postal Service*, 674 F.2d 56, 65 (D.C.Cir.1982). Here, the alleged discriminatory act is failure to promote. If the amount of Ms. Williams' paychecks was too little each month, it was in consequence of the failure to promote, not an individual violation. As she has alleged no acts occurring within the statutory period, Ms. Williams has not established a continuing violation.

■ Nor is this an appropriate case for equitable tolling under 29 C.F.R. § 1614.105(a)(2). The D.C. Circuit has allowed equitable tolling where the plaintiff failed to contact an EEO counselor in reliance on the advice of a government official, *Jarrell v. USPS*, 753 F.2d 1088, 1092 (D.C.Cir.1985); where defendant tricked plaintiff into allowing the filing deadline to pass, *Washington v. WMATA*, 160 F.3d 750, 752 (D.C.Cir.1998); where the defendant engaged in affirmative misconduct, *id.;* or where the claimant has filed a timely pleading later found to be defective, *id.* Plaintiff does not allege any of these situations. Instead, she asserts that she only later became aware of the *reasons* for her non-promotion. That theory was rejected in *Cones v. Shalala*, 945 F.Supp. 342, 347 (D.D.C.1996) (*rev'd on other grounds,* 199 F.3d 512 (D.C.Cir.2000)), and will be rejected here as well. Ms. Williams knew that she had not been promoted and that her non-African American co-workers had been promoted. She reasonably should have suspected that there might be discriminatory reasons, and should have investigated. This is not a sufficiently "extraordinary" case to warrant equitable tolling.

### *Count 6 (Retaliatory Removal)*

After her removal from federal service on June 25, 1999, Ms. Williams was advised that her options were to file an internal grievance or to file a complaint with the Merit Systems Protection Board (MSPB).[2] She elected to file with the MSPB, alleging that she had been removed in retaliation for making certain disclosures protected by the Whistleblower Protection Act (WPA). In her MSPB appeal, she also claimed that her removal was in retaliation for her EEO activities. She then *withdrew* the claim of retaliation for her EEO activities, allegedly at the suggestion and encouragement of the MSPB administrative judge. When she later attempted to assert that claim before the agency EEO office, it was dismissed because her claim of retaliation for whistleblower activities was pending before the MSPB.

■ A mixed-case complaint may be filed with an agency EEO department or with the MSPB, but not in both places at once. *See* 5 U.S.C. § 7702; 29 C.F.R. § 1614.302(b). A plaintiff is required to exhaust her claims in the forum she has chosen before filing a civil action. *See McAdams v. Reno*, 64 F.3d 1137, 1142 (8th Cir.1995) (quoting *Tolbert v. United States,*

---

**2.** Defendant states that he did not inform plaintiff of her right to file with the EEO office because claims under the WPA are exclusively within the jurisdiction of the MSPB.

Def.'s Reply to Pl.'s Opp'n to Def.'s Mot. for Partial J. on the Pleadings at 3. *But see Robinson v. Rubin*, 77 F.Supp.2d 784, 793 (S.D.Tex. 1999).

916 F.2d 245, 248 (5th Cir.1990)); *see also Brown v. General Servs. Admin.,* 425 U.S. 820, 832, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976). Ms. Williams concedes that she did not exhaust her administrative remedies for her claim of retaliation for her EEO activities. She asserts, however, that the exhaustion requirement should be waived for two reasons.

Her first argument is that if she had received notice of her right to appeal to the EEO office she would have taken that route. Defendant was not required to inform her of her right to appeal to the EEO office, however, because she had not by that time. 29 C.F.R. § 1614.302(b).

■ Plaintiff's second argument is that she should not be penalized for relying on the erroneous advice of the administrative judge that she could bring her EEO claim separately. This estoppel argument fails. Even if Ms. Williams' version of events is credited fully,[3] she was represented by counsel at the time, a fact that seriously weakens her reliance claim. *McAdams,* the only case plaintiff cites in support of this argument, found that misinformation alone is not enough to support a waiver of the exhaustion requirement. 64 F.3d at 1143. Plaintiff cites no authority for the proposition that OPIC should be bound by the statement of the MSPB administrative judge.

### Count 8 (Racial Discrimination in Professional Training)

■ Ms. Williams' claim of discrimination in the denial of her request for professional training is pleaded without great detail, and may be in considerable jeopardy if it is later made to appear, on undisputed facts, that the alleged denial of training had no "materially adverse consequences affecting ... her future employment opportunities" and was therefore not "adverse action." *See Brown v. Brody,* 199 F.3d 446, 456 (D.C.Cir.1999). At this stage, however, the claim is not subject to

dismissal. "[A] plaintiff need not set forth the elements of a prima facie case at the initial pleading stage." *Sparrow v. United Air Lines, Inc.,* 2000 WL 779758, at *1 (D.C.Cir., decided June 27, 2000).

### Count 9 and Parts of Count 2 (Seizure of Wages, Work Product Disparagement)

 Ms. Williams alleges, in Count 9 and in Count 2, that OPIC withheld money from her wages that should have been paid to her, and she alleges in Count 2 that her work product was disparaged at OPIC. The EEOC dismissed these strange claims pursuant to 29 C.F.R. §§ 1614.107(a) and (b) for plaintiff's failure to respond adequately to a request for more information. Such a failure constitutes failure to exhaust administrative remedies, *Wilson v. Pena,* 79 F.3d 154, 164 (D.C.Cir.1996), and bars judicial action based on the claim.

---

**3.** No record was made of the colloquy with the administrative judge.