Richard Evan HARMS, Plaintiff,

v.

INTERNAL REVENUE SERVICE,
Defendant.

No. CIV.A. 00–2460–KHV.

United States District Court,
D. Kansas.

June 7, 2001.

Richard Evan Harms, Independence, MO, pro se.

Robert A. Olsen, Office of the U.S. Atty., Kansas City, KS, for Defendant.

## MEMORANDUM AND ORDER

VRATIL, District Judge.

Richard Evan Harms brings suit against the Internal Revenue Service ("IRS"), alleging employment discrimination in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e et seq. as amended, and the Vocational Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. §§ 791 and 794.[1] This

---

1. Plaintiff's complaint alleges disability claims under the Americans With Disabilities Act ("ADA"), 42 U.S.C. § 12111 et seq. See Complaint (Doc. # 1) filed October 12, 2000. Because plaintiff appears pro se, the Court will construe his claims under the Rehabilitation Act, which applies to federal employees. See, e.g., *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991) (court should construe pro se pleadings liberally); *Woodman v. Runyon*, 132 F.3d 1330, 1337–39 (10th Cir.1997).

matter comes before the Court on defendant's Motion To Dismiss For Failure To State A Claim For Which Relief May Be Granted Or In The Alternative For [sic] Motion For Summary Judgment (Doc. # 8) filed February 9, 2001. Defendant asserts that the Court lacks subject matter jurisdiction because (1) plaintiff has failed to exhaust administrative remedies and (2) plaintiff elected to pursue his claims before the Merit Systems Protection Board. In addition, defendant asserts that plaintiff has failed to state a claim on which relief may be granted. For reasons stated below, the Court sustains defendant's motion.

### Legal Standards

The Court considers defendant's challenge to subject matter jurisdiction under Rule 12(b)(1), Fed.R.Civ.P., because it is not intertwined with the merits of the case. See *Robinson v. Union Pac. R.R.*, 245 F.3d 1188, 1191 (10th Cir.2001) (motion to dismiss for lack of subject matter jurisdiction must be brought under Rule 12(b)(1), not Rules 12(b)(6) or 56, except where resolution of jurisdictional question is intertwined with merits of case); *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514, 518 n. 8 (10th Cir.1994). The Court may exercise jurisdiction only when specifically authorized to do so, see *Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir.1994), and must "dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Scheideman v. Shawnee County Bd. of County Comm's*, 895 F.Supp. 279, 281 (D.Kan.1995) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir.1974)); see also Fed.R.Civ.P. 12(h)(3). The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper. See *Basso*, 495 F.2d at 909. Thus, plaintiff

bears the burden of showing why the case should not be dismissed. See *Jensen v. Johnson County Youth Baseball League*, 838 F.Supp. 1437, 1439–40 (D.Kan.1993).

Rule 12(b)(1) motions generally take the form of either facial attacks on the complaint or factual attacks on the accuracy of those allegations. See *Holt v. United States*, 46 F.3d 1000, 1002–03 (10th Cir.1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). Defendant's motion falls under both categories. With respect to the facial attack, the Court must accept the allegations in the complaint as true. See *Holt*, 46 F.3d at 1003. To the extent defendant introduces factual evidence outside the complaint, the Tenth Circuit has set forth the following standard:

> [A] party may go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends. When reviewing a factual attack on subject matter jurisdiction, a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1). In such instances, a court's reference to evidence outside the pleadings does not convert the motion to a Rule 56 motion.

*Id.* (citations omitted).

To the extent defendant challenges nonjurisdictional matters, the Court applies a summary judgment standard under Rule 56, Fed.R.Civ.P.[2] Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show no genuine issue as to any material

---

**2.** In its Order (Doc. # 20) dated April 12, 2001, the Court advised plaintiff that it would apply a summary judgment standard, and that

plaintiff should respond to the motion pursuant to Rule 56 and D. Kan. Rule 56.1. See *id.* at 2–3 n. 3.

fact and that the moving party is entitled to a judgment as a matter of law. Fed. R.Civ.P. 56(c); accord *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Vitkus v. Beatrice Co.,* 11 F.3d 1535, 1538–39 (10th Cir.1993). A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law." *Anderson,* 477 U.S. at 248, 106 S.Ct. 2505. A "genuine" factual dispute requires more than a mere scintilla of evidence. *Id.* at 252, 106 S.Ct. 2505.

The moving party bears the initial burden of showing the absence of any genuine issue of material fact. See *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Hicks v. City of Watonga, Okla.,* 942 F.2d 737, 743 (10th Cir.1991). Once the moving party meets its burden, the burden shifts to the non-moving party to demonstrate that genuine issues remain for trial "as to those dispositive matters for which it carries the burden of proof." *Applied Genetics Int'l, Inc. v. First Affiliated Secs., Inc.,* 912 F.2d 1238, 1241 (10th Cir.1990); see also *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Bacchus Indus., Inc. v. Arvin Indus., Inc.,* 939 F.2d 887, 891 (10th Cir.1991). The nonmoving party may not rest on its pleadings but must set forth specific facts. See *Applied Genetics,* 912 F.2d at 1241.

The Court must view the record in a light most favorable to the party opposing the motion for summary judgment. See *Deepwater Invs., Ltd. v. Jackson Hole Ski Corp.,* 938 F.2d 1105, 1110 (10th Cir.1991).

Summary judgment may be granted if the non-moving party's evidence is merely colorable or is not significantly probative. See *Anderson,* 477 U.S. at 250–51, 106 S.Ct. 2505. "In a response to a motion for summary judgment, a party cannot rely on ignorance of facts, on speculation, or on suspicion, and may not escape summary judgment in the mere hope that something will turn up at trial." *Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir.1988). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson,* 477 U.S. at 251–52, 106 S.Ct. 2505.

### Facts

The following facts are undisputed.

Plaintiff worked as a tax examining assistant for the IRS in the spring of 1996.[3] In March 1996, the IRS proposed to suspend plaintiff's employment without pay for ten days, from April 22, 1996 to May 1, 1996.[4] On April 17, 1996, plaintiff filed an Equal Employment Opportunity ("EEO") complaint with the United States Department of Treasury, Treasury Complaint Center ("TCC"). The complaint alleged that the IRS had discriminated against him on the bases of sex, race, religion and disability. On August 12, 1996, the TCC informed plaintiff that it had accepted his complaint for processing and investigation.

On July 16, 1996, Dan Meyer, chief of the tax accounts division in the Kansas City service center, proposed to terminate plaintiff's employment to promote the efficiency of the IRS. In a letter to plaintiff,

---

3. The record does not indicate when plaintiff began working for the IRS.

4. Although defendant's motion does not state the reason for the suspension, an exhibit to the motion suggests that the IRS suspended plaintiff because he was absent without leave ("AWOL") and failed to follow leave policy.

See letter from Dan Meyers to plaintiff at 8, Exhibit 1, Declaration Of William P. Lehman ("Lehman Declaration"), attached to Memorandum In Support Of Defendant's Motion To Dismiss Or In The Alternative For [sic] Motion For Summary Judgment ("Defendant's Memorandum") (Doc. # 10) filed February 9, 2001.

Meyer detailed the reasons for the proposed termination: (1) plaintiff had failed to pay federal income tax for certain years, (2) on 21 occasions, plaintiff was AWOL, and (3) plaintiff had failed to comply with IRS leave policy. Meyer informed plaintiff that he had a right to respond in writing or orally, and that he had a right to an attorney or other representation.

On August 7, 1996, plaintiff responded orally to Meyer's proposal. A union steward for the National Treasury Employees Union represented plaintiff. Ladd Ellis Jr., director of the Kansas City service center, considered plaintiff's response and decided to uphold the proposed termination. In a letter dated September 25, 1996, Ellis informed plaintiff of his right to appeal the decision to the Merit Systems Protection Board ("MSPB"). With respect to claims of discrimination, the letter stated:

> Should you allege that the action taken against you was based in whole or in part on discrimination because of race, color, religion, sex, age, national origin, or physical or mental handicap, you have the following options available to you. You may appeal the discrimination allegation to the Merit System Protection Board, or you may appeal the discrimination along with any other issue you would have otherwise appealed to the Board through IRS discrimination complaint system under Part 1614 of the Equal Employment Opportunity Commission regulations. To appeal under Part 1614, the allegation must be brought to the attention of an EEO counselor within forty-five (45) calendar days of the effective date of this action.
> * * *
> You may not initially file both an appeal to the MSPB and a complaint under Part 1416 on the same matter. Whichever is filed first shall be considered an election to proceed in that forum.

Letter from Ellis to plaintiff dated September 25, 1996 at 2–3, Exhibit 2, Lehman Declaration.

On November 24, 1996, plaintiff filed an appeal with the MSPB. In his appeal, plaintiff asserted that the IRS had singled him out for adverse actions for a number of years in retaliation for his participation in protected activities (expressing concern over taxpayer rights and complaining about mismanagement) and because of his race, color (white), religion (non-Catholic), sex (male) and political affiliation (conservative). See MSPB appeal, Exhibit 3, Lehman Declaration. Plaintiff also stated that his EEO complaint was still pending and attached supporting documentation.

On January 9, 1997, the TCC dismissed plaintiff's EEO complaint because he had raised the same matters in his MSPB appeal. The TCC informed plaintiff:

> You must bring the allegations of discrimination contained in this dismissed complaint to the attention of the MSPB, pursuant to 5 C.F.R. § 1201.155. You have the right to petition the EEOC to review the MSPB's final decision on the discrimination issue. An agency decision to dismiss a mixed case complaint is not appealable to the EEOC except where it is alleged that § 1614.107(d) has been applied to a non-mixed case matter.

Letter from the TCC to plaintiff dated January 9, 1997, Exhibit 4, Declaration Of Lois Hofmann, Director, Department Of The Treasury, Treasury Complaint Center, Oakland, California ("Hofmann Declaration"), attached to Defendant's Memorandum. In addition, the TCC informed plaintiff that he had a right to appeal the EEO dismissal to the EEOC within 30 days or file an action in federal court within 90 days. See *id.*, Notice Of Appeal Rights, attached thereto. Plaintiff did not appeal the EEO dismissal to the EEOC or

file an action in federal court. Plaintiff has not filed any other EEO complaints with the TCC.

On January 28, 1997, the MSPB dismissed plaintiff's appeal. Five days earlier, on January 23, 1997, plaintiff's brother, his designated representative, had informed the MSPB that plaintiff was involuntarily committed to a psychiatric facility and could not understand the MSPB proceedings. See Initial Decision at 1–2, Exhibit 4, Lehman Declaration. Plaintiff's brother expected plaintiff to regain competency within six months. See *id.* Based on this information, the MSPB dismissed the appeal without prejudice, subject to plaintiff's right to re-file the appeal within six months, by July 28, 1997.

On November 6, 1997, more than nine months after the MSPB dismissed his appeal, plaintiff filed a petition to re-open. Plaintiff claimed that he was mentally incompetent to re-file the appeal within six months. On March 4, 1998, the MSPB dismissed plaintiff's petition to re-open, finding that plaintiff had failed to show good cause why he did not re-file the appeal within six months. See Initial Decision, Exhibit 6, Lehman Declaration. Plaintiff claimed that he was a paranoid schizophrenic. He stopped taking his antipsychotic medication at the end of February 1997 and experienced an irrational fear of re-filing the MSPB appeal. See *id.* at 3. Plaintiff resumed taking his medication on August 2, 1997, and after that time he was able to resume the appeal. See *id.* at 3–4. The MSPB determined that although plaintiff was not competent to re-file the appeal within six months, plaintiff had not shown good cause why he waited an additional three months after regaining competency to re-file the appeal. See *id.* at 4–5. Plaintiff filed a petition to review the decision, which the MSPB denied.

Plaintiff appealed the MSPB decision to the United States Court of Appeals for the Federal Circuit. The appellate court affirmed the decision, finding that plaintiff "failed to make a sufficient showing of good cause to persuade the administrative judge to overlook the untimeliness of his filing." *Harms v. MSPB,* 230 F.3d 1382, 2000 WL 158462, at *2 (Fed.Cir. Feb.14, 2000). Plaintiff filed a petition for writ of certiorari, which the United States Supreme Court denied. See *Harms v. MSPB,* 531 U.S. 898, 121 S.Ct. 232, 148 L.Ed.2d 166 (2000). Plaintiff filed his complaint in this case on October 27, 2000, 25 days after the Supreme Court issued its order denying certiorari review.

### Analysis

#### 1. Subject Matter Jurisdiction

■ Defendant asserts that plaintiff has failed to allege that he has exhausted administrative remedies under Title VII or the Rehabilitation Act. Under Tenth Circuit law, failure to exhaust administrative remedies is a jurisdictional bar to filing suit. See *Jones v. Runyon,* 91 F.3d 1398, 1399 n. 1 (10th Cir.1996) (distinguishing complete failure to exhaust administrative remedies (jurisdictional bar to suit) from failure to timely exhaust administrative remedies (affirmative defense subject to equitable tolling)). Both Title VII and the Rehabilitation Act require plaintiff to exhaust administrative remedies before filing suit in federal court. See, e.g., *Khader v. Aspin,* 1 F.3d 968, 971 & n. 3 (10th Cir. 1993). Plaintiff fails to allege or make any showing that he has exhausted administrative remedies. Thus his complaint fails on its face to allege facts which establish subject matter jurisdiction. See, e.g., *Aerrell v. Hulbert,* No. 90–3452–R, 1990 WL 186800 (D.Kan. Oct.25, 1990) (dismissing complaint without prejudice).[5]

5. Ordinarily, the Court would dismiss a facially invalid complaint without prejudice.

As discussed below, however, plaintiff has

■ In addition, as a factual matter, plaintiff has failed to establish subject matter jurisdiction over his termination claims.[6] The Civil Service Reform Act of 1978 ("CSRA"), Pub.L. No. 95–454, 92 Stat. 1111 (codified as amended in various sections of title 5, United States Code), sets forth a comprehensive statutory framework for processing "mixed" cases by federal employees, i.e. cases which include claims of a personnel action which is appealable to the MSPB and claims of prohibited discrimination.[7] See 5 U.S.C. § 7702; 5 C.F.R. §§ 1201.151–1201 .175; 29 C.F.R. §§ 1614.302–1614.310.[8] Initially, an employee can either file a mixed case complaint with his agency's EEO office or file a mixed case appeal directly with the MSPB. See 5 U.S.C. § 7702(a). An employee must choose one option or the other; he cannot do both. See 29 C.F.R. § 1614.302(b).

In this case, plaintiff challenged the IRS termination decision in a mixed case appeal to the MSPB.[9] Under the CSRA, an employee can file a civil action for a trial de novo in district court within 90 days of receiving a final decision from the MSPB in a mixed case appeal.[10] See 5 U.S.C. §§ 7702(a)(3)(A), 7703(b)(2) and (c). Both the Tenth and Federal Circuits have ruled, however, that a district court does not have jurisdiction over such a case unless the MSPB has decided the merits of plaintiff's claims. See *Wall v. United States*, 871 F.2d 1540, 1543–44 (10th Cir.1989); *Ballentine v. MSPB*, 738 F.2d 1244, 1246–47 (Fed.Cir.1984); see also *Powell v. Dept. of Defense*, 158 F.3d 597, 598–600 (following Wall and Ballentine). But see *Downey v. Runyon*, 160 F.3d 139, 144–45 (2d Cir. 1998) (rejecting Ballentine, finding that employee may file action in district court when MSPB dismisses mixed case appeal as untimely). Rather, the Federal Circuit has exclusive jurisdiction to review the dismissal of a mixed case for procedural or jurisdictional grounds. See 5 U.S.C. § 7703(b)(1); *Wall*, 871 F.2d at 1543–44; *Ballentine*, 738 F.2d at 1247. Here, the

failed to controvert defendant's factual attack regarding subject matter jurisdiction over his termination claims, which warrants dismissal of the termination claims with prejudice. In addition, plaintiff has not established a genuine issue of material fact whether his suspension claims should be equitably tolled, which warrants summary judgment in favor of defendant on the suspension claims.

6. Plaintiff asserts that defendant has prevented him from discovering disputed facts by obtaining a stay of discovery. On April 12, 2001, the Court entered an Order (Doc. # 20) which sustained defendant's motion to stay discovery pending a ruling on defendant's motion to dismiss. Plaintiff did not oppose defendant's motion to stay, and he does not point to specific evidence which he needs in order to establish jurisdiction. Plaintiff also argues that the IRS has harassed him and denied him equal protection under the Constitution, but these allegations do not establish subject matter jurisdiction over his employment discrimination claims.

7. Plaintiff's case constitutes a "mixed" case because he challenges his removal from employment to promote the efficiency of the IRS, which is appealable to the MSPB, see 5 C.F.R. § 1201.3(2), and he also alleges discrimination under Title VII and the Rehabilitation Act. See 29 C.F.R. § 1614.302(a).

8. This order cites the current version of the Code of Federal Regulations. Unless otherwise noted, the provisions were substantially the same in 1996.

9. The suspension claims which plaintiff asserted in his April 1996 complaint to the EEO did not constitute a "mixed" case because a 10–day suspension is not appealable to the MSPB. See, e.g., 5 C.F.R. § 1201.3(2) and (3) (MSPB has jurisdiction over suspensions for more than 14 days). The Court discusses the suspension discrimination claims separately below.

10. In the alternative, an employee can petition the EEOC to review the MSPB decision within 30 days. See 5 U.S.C. § 7702(b)(1).

MSPB dismissed plaintiff's appeal on procedural grounds, because plaintiff failed to re-file the appeal within six months. Plaintiff had a right to appeal the decision to the Federal Circuit, which he did. The Federal Circuit affirmed the MSPB decision, and the Supreme Court denied plaintiff's petition for a writ of certiorari. The CSRA does not provide plaintiff the right to additional review by this Court. Because the MSPB has not addressed the merits of his termination claims, this Court lacks subject matter jurisdiction over such claims.[11]

### 2. Equitable Tolling

 With respect to his suspension claims, plaintiff asserts that he was mentally incompetent when he received the letter from the TCC dated January 9, 1997, which dismissed his EEO complaint because he had raised the same matters in his MSPB appeal. Because plaintiff filed an EEO complaint regarding the suspension claims, whether he can file an untimely action challenging the EEO dismissal is not jurisdictional, but rather in the nature of a statute of limitations which may be

equitably tolled. See, e.g., *Biester v. Midwest Health Servs., Inc.,* 77 F.3d 1264, 1267 (10th Cir.1996). Thus, defendant bears the initial burden to show that plaintiff did not timely comply with administrative prerequisites, see, e.g., *Koch v. Shell Oil Co.,* 52 F.3d 878, 880 (10th Cir.1995) (applying Kansas statute of limitations law), and plaintiff must prove that his claims should be equitably tolled. See, e.g., *Resolution Trust Corp. v. Thomas,* 837 F.Supp. 354, 359 (D.Kan.1993).

To the extent plaintiff challenges the EEO dismissal of his suspension claims, defendant has shown that the action is untimely. Plaintiff argues that he did not learn of the TCC letter until after he filed this case, because he suffered an acute attack of paranoid schizophrenia at the time he received the letter.[12] Although plaintiff does not provide factual evidence to support his claim, the MSPB dismissed his appeal around the same time period, on January 28, 1997, because he was incompetent to proceed. In light of plaintiff's pro se status, the Court will construe this part of the record as evidence that plaintiff may

11. This case is different from that where the MSPB dismisses a mixed case for lack of jurisdiction. In such case, 29 C.F.R. § 1614 .302(b) tolls the time for an employee to file an EEO claim. But see *Powell,* 158 F.3d at 600 (noting that regulations do not toll claim if employee appeals MSPB dismissal for lack of jurisdiction to Federal Circuit). In this case, the parties do not dispute that the MSPB had jurisdiction over plaintiff's claims. Rather, the MSPB dismissed plaintiff's case on procedural grounds, because he had not re-filed his appeal within six months. This constitutes a failure to exhaust administrative remedies before the MSPB. See, e.g., *Barnes v. Levitt,* 118 F.3d 404, 410 (5th Cir.1997) (plaintiff cannot be dilatory at administrative level and then invoke jurisdiction of federal court); *Jordan v. United States,* 522 F.2d 1128, 1132 (8th Cir.1975) (plaintiff cannot take initial steps and then abandon administrative process); *Morales v. Runyon,* 844 F.Supp. 1435 (D.Kan.1994) (plaintiff failed to

exhaust administrative remedies where agency dismissed EEO complaint for failure to provide affidavit); *Williams v. Munoz,* 106 F.Supp.2d 40, 44 (D.D.C.2000) (plaintiff failed to exhaust administrative remedies where EEOC dismissed claims for failure to respond to request for information); see also *McAdams v. Reno,* 64 F.3d 1137, 1142 (8th Cir. 1995) (no subject matter jurisdiction where plaintiff abandoned Title VII claims before MSPB). If the Federal Circuit or Supreme Court had reversed the MSPB dismissal, it presumably would have remanded plaintiff's claims to the MSPB to decide on the merits.

12. As discussed in the facts, supra, the letter told plaintiff that he must bring the suspension claims in his MSPB appeal. It also informed plaintiff that he had a right to appeal the dismissal to the EEOC within 30 days or file an action in federal court within 90 days.

have been incompetent at the time he received the TCC letter.[13] The TCC letter instructed plaintiff to file the suspension claims with the MSPB. Obviously, if plaintiff had done so, the suspension claims would have met the same fate as the termination claims. But the letter also stated that plaintiff had the right to appeal the dismissal to the EEOC within 30 days or file an action in federal court within 90 days. Defendant's motion does not address whether plaintiff in fact could have filed the suspension claims in federal court, as the TCC letter suggests. For purposes of this ruling the Court assumes without deciding that plaintiff could have challenged the dismissal in federal court.[14]

Although the Tenth Circuit has not decided the issue, see *Biester*, 77 F.3d at 1268, several courts have found that mental incapacity tolls the statute of limitations under Title VII. See, e.g., *Nunnally v. MacCausland*, 996 F.2d 1, 4–5 (1st Cir. 1993); *Biester v. Midwest Health Servs., Inc.*, No. 94–2034–GTV, 1994 WL 541827, *4 (D.Kan. Sept.23, 1994), aff'd, *Biester, supra*. The courts which have recognized such tolling have limited its application to exceptional circumstances. See *Biester*, 77 F.3d at 1268.

■■■ Even if this Court were to recognize equitable tolling based on mental incapacity, plaintiff has not shown that his claims should be tolled. EEO regulations allow a complainant to file an action in district court within 90 days of receiving the EEO final decision or after 180 days from the date of filing an EEO complaint, if the agency has not taken final action.

See 29 C.F.R. § 1614.407 (formerly 29 C.F.R. § 1614.408). In addition, the federal agency is required to investigate an EEO complaint within 180 days. See 29 C.F.R. § 1614.106(e)(2). Plaintiff filed his EEO complaint on April 17, 1996. Under EEO regulations, the IRS was required to investigate his complaint within 180 days, by about October 17, 1996, and plaintiff had a right to file an action after that time. The undisputed facts show that plaintiff regained competency on August 2, 1997. He did not file this case until more than three years later, on October 12, 2000. Plaintiff has not shown that he took any steps to ascertain the status of his EEO filing during that time. As such, the Court finds that he has not demonstrated circumstances which warrant equitable tolling. See, e.g., *Ashafa v. City of Chicago*, 146 F.3d 459, 464 (7th Cir.1998) (equitable tolling requires plaintiff to exercise due diligence in bringing claim).

**IT IS THEREFORE ORDERED** that the Motion To Dismiss For Failure To State A Claim For Which Relief May Be Granted Or In The Alternative For [sic] Motion For Summary Judgment (Doc. # 8) which defendant filed February 9, 2001 be and hereby is **SUSTAINED.** The Court dismisses plaintiff's claims with prejudice.

---

13. Plaintiff's complaint does not allege facts which support equitable tolling. Even if plaintiff alleged equitable tolling, however, he has failed to establish a factual record to support such a claim on summary judgment.

14. The Court notes that if in fact plaintiff had such a right, the district court's review would be limited to determining whether the TCC properly dismissed the EEO complaint on the grounds that plaintiff raised the same matter in his MSPB appeal. See, e.g., *Isler v. Rubin*, 1995 WL 283461, *1, No. 01944888 (E.E.O.C. May 4, 1995) (affirming EEO dismissal because matter raised in EEO complaint is inextricably intertwined with MSPB appeal).