UNITED STATES of America, Appellee

v.

Lorenzo J. BAYLOR, Appellant.

No. 04–3085.

United States Court of Appeals,
District of Columbia Circuit.

May 6, 2005.

Roy Wallace McLeese, III, Assistant U.S. Attorney, Elizabeth Harper Danello, Assistant U.S. Attorney, John Robert Fisher, Assistant U.S. Attorney, Thomas J. Tourish, Jr., Assistant U.S. Attorney, Kenneth L. Wainstein, U.S. Attorney U.S. Attorney's Office, Washington, DC, for Appellee.

Veronice Annette Holt, Law Office of Veronice A. Holt, Washington, DC, for Appellant.

Before GINSBURG, Chief Judge, and HENDERSON and GARLAND, Circuit Judges.

## *JUDGMENT*

This cause was considered on the record from the United States District Court and on the briefs and arguments of the parties. It is

ORDERED AND ADJUDGED that the order of the district court dismissing Baylor's motion for collateral relief under 28 U.S.C. § 2255 is hereby affirmed for the reasons stated in the accompanying memorandum.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. See Fed. R.App. P. 41(b); D.C.Cir. Rule 41.

## MEMORANDUM

Lorenzo Baylor appeals from the district court's order dismissing as untimely his motion for collateral relief pursuant to 28 U.S.C. § 2255. On direct appeal, this court affirmed Baylor's convictions in all substantive respects but, in accordance with *Rutledge v. United States,* 517 U.S. 292, 116 S.Ct. 1241, 134 L.Ed.2d 419 (1996), remanded the case for the district court to vacate Baylor's conviction under 21 U.S.C. § 841, a lesser included offense that merged with his conviction under 21 U.S.C. § 860(a). *See United States v. Baylor,* 97 F.3d 542 (1996). Upon remand the district court appointed new counsel for Baylor and immediately initiated proceedings to resentence him, whereupon Baylor moved to postpone his resentencing pending the outcome of his petition for rehearing en banc. In the meantime, the case was transferred to a new district judge. After Baylor's petition for rehearing was denied on January 24, 1997, the new district judge, on September 30, 1997, issued an order vacating Baylor's conviction under § 841 and on October 6, 1997 entered an amended judgment, again sentencing Baylor to 240 months' imprisonment.

Due to an error on the part of the court, neither Baylor nor his new counsel received a copy of the amended judgment. On August 2, 2000 Baylor's counsel enquired with the court as to the status of Baylor's case, and the court faxed to counsel a copy of the amended judgment. It was not until July 2, 2001, eleven months later still, that Baylor filed his motion for relief under 28 U.S.C. § 2255, arguing his conviction and his sentence were unconstitutional under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435, which had been decided on June 26, 2000.

In order to be timely, Baylor's motion must have been filed within one year from "the date on which the judgment of conviction [became] final," or "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States [was] removed, if the movant was prevented from making a motion by such governmental action." 28 U.S.C. § 2255. Baylor argues he is entitled to equitable tolling, and therefore the one-year limitations period should run from August 2, 2000, the date on which his counsel received actual notice of the amended judgment.

■ Although the Government concedes § 2255 is subject to equitable tolling, it argues, and we agree, Baylor's delay is not excusable under that doctrine. *See United States v. Cicero,* 214 F.3d 199, 203 (D.C.Cir.2000) (holding that equitable tolling under § 2255 would be allowed, if at all, only for "extraordinary circumstances"); *Washington v. WMATA,* 160 F.3d 750, 753 (D.C.Cir.1998) ("the court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances"). Counsel is under an obligation to check with reasonable frequency on the status of a pending case, a duty the discharge of which in Baylor's case was never more than a phone call away, and which now may be discharged over the Internet as well. *Cf. Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1294 (D.C.Cir.2004) (holding that attorneys are "obligated to monitor the court's docket" and the failure to do so will not excuse the lack of a timely filing). Baylor's petition for rehearing was filed on October 22, 1996, and denied on January 24, 1997, yet neither Baylor nor his counsel enquired of the district court as to the status of his case until August 2, 2000, three years and nine months after

filing and three years and six months after resolution. Greater diligence is required of one who seeks the benefit of equitable tolling.

■ Baylor's petition would nonetheless be timely if it was filed within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Even assuming *Apprendi* applies retroactively, however, Baylor is out of time because he did not file his motion within one year of the decision in that case. Baylor does not argue, and we therefore do not decide, whether his motion was timely under § 2255(3) on the ground it was filed less than one year after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was decided.