Leonard JARRELL, Appellant,

v.

UNITED STATES POSTAL
SERVICE, et al.

No. 84–5165.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 20, 1984.
Decided Jan. 15, 1985.

Leonard Jarrell, pro se.

Edwin W. Tyler, Washington, D.C., of the bar of the Supreme Court of Puerto Rico pro hac vice by special leave of the Court for appellees. Joseph E. diGenova, U.S. Atty., Royce C. Lamberth, R. Craig Lawrence, Michael J. Ryan, and Mitchell R. Berger, Asst. U.S. Attys., Washington, D.C., were on brief, for appellees.

Before WALD, EDWARDS and BORK, Circuit Judges.

Opinion for the Court filed by Circuit Judge HARRY T. EDWARDS.

HARRY T. EDWARDS, Circuit Judge:

This is an appeal from an order of the District Court granting the appellees' motion for summary judgment and dismissing appellant's claims arising under Title VII of the Civil Rights Act of 1964 and the Privacy Act. The District Court dismissed the appellant's Title VII claim for failure to name the proper defendant, and for failure to file a timely administrative complaint. The Privacy Act claim was dismissed as untimely. Because we find that the trial court failed to consider whether equitable considerations excused the appellant's noncompliance with the Title VII filing requirements, and because the appellant raised an issue of fact regarding the date on which his Privacy Act claim arose, summary judgment was inappropriate. We therefore vacate the judgment of the District Court and remand for further proceedings consistent with this opinion.

## I. BACKGROUND

The appellant, Leonard Jarrell, filed a *pro se* complaint against his employer, the United States Postal Service (the "Postal Service"), and several other named defendants, alleging that the defendants were maintaining certain records as an act of reprisal in response to his participation in employment discrimination litigation.

The procedural history of this case begins on July 8, 1980, when Jarrell, in response to his request under the Freedom of Information Act ("FOIA"), received copies of investigative records maintained by the Postal Service. In September and November 1980, Jarrell requested that certain information contained in those records be expunged. In November 1980, the Postal Service denied Jarrell's requests. Initially, the appellant made no attempt to pursue any formal complaint with an Equal Employment Opportunity ("EEO") Counselor. However, the appellant alleges that, shortly after his requests for expungement had been denied, he conferred with an EEO officer who assured him that efforts were then being undertaken to expunge the files. Subsequently, on May 19, 1982, when it was clear that no progress was being made in the case, the appellant did meet with an EEO Counselor; thereafter, the appellant filed a class-wide, administrative Title VII complaint alleging that investigative files were being maintained by the Postal Service as an act of reprisal in response to his support of employees involved in Equal Employment Opportunity litigation. The Postal Service rejected Jarrell's complaint for class-wide relief, but advised him that he could proceed with an individual complaint. The appellant then sent a letter to

the Postal Service stating his intention to proceed with an individual complaint. On September 8, 1983, the Postal Service rejected the appellant's individual complaint as untimely, finding that Jarrell was aware of the information giving rise to his allegations in November 1980, but had failed to contact an EEO Counselor within 30 days of that date, as required by 29 C.F.R. § 1613.214 (1984).[1]

Jarrell thereupon initiated this suit in the District Court. The Postal Service moved for dismissal of the complaint or, in the alternative, for summary judgment, contending that the action should be dismissed because the appellant had failed to name the Postmaster General as the party defendant, and, alternatively, that the Title VII or Privacy Act claims were untimely. Jarrell opposed the appellees' motion on four bases. First, he maintained that he had not contacted an EEO Counselor because, shortly after the Postal Service denied his request for expungement, he had met with an EEO officer who claimed to be doing all that he could to see that the files were purged.[2] Second, Jarrell argued that his claim was timely because he was involved in ongoing settlement negotiations with the Postal Service.[3] Third, Jarrell argued that, in fact, he was not aware in 1980 of all of the objectionable information in his file because the Postal Service had excised certain parts of the records and he did not receive the complete documents until May 27, 1983, long after he had initially contacted the EEO Counselor.[4] Finally, Jarrell argued that his complaint was timely because the letter from the Postal Service advised him that he could institute an individual complaint.[5]

The District Court characterized the appellant's *pro se* complaint as an action charging the defendants with maintaining records as an act of reprisal in violation of Title VII of the Civil Rights Act of 1964, *as amended,* 42 U.S.C. § 2000e *et seq.* (1982), and with maintaining records in violation of the Privacy Act, 5 U.S.C. § 552a (1982). The court dismissed Jarrell's Title VII claim because the head of the agency is the only proper party defendant in a Title VII action, 42 U.S.C. § 2000e–16(c) (1982),[6] and Jarrell had failed to name the Postmaster General in his complaint. In the alternative, the District Court held that, even if Jarrell amended his complaint to name the proper party, his claim must still be dismissed because he had not contacted an EEO Counselor within 30 days of the alleged discriminatory event. The trial court also found that any claims Jarrell may have had under the Privacy Act were untimely because he did not file his action within two years from the date on which the cause of action arose, as required by that Act. *See* 5 U.S.C. § 552a(g)(5) (1982).[7]

---

1. 29 C.F.R. § 1613.214 (1984) provides in part:
   (a) *Time limits.* (1) An agency shall require that a complaint be submitted in writing by the complainant or his representative and be signed by the complainant. The complaint may be delivered in person or submitted by mail. The agency may accept the complaint for processing in accordance with this subpart only if:
   (i) The complainant brought to the attention of the Equal Employment Opportunity Counselor the matter causing him to believe he had been discriminated against within 30 calendar days of the date of that matter, or, if a personnel action, within 30 calendar days of its effective date . . . .

2. Rebuttal to Statement of Material Facts as to Which There is No Dispute and Defendants' Motions to Dismiss or For Summary Judgment ("Rebuttal"), Record ("R.") 10 at 8.

3. Complaint, R. 1 at 2.

4. Rebuttal, *supra,* R. 10 at 13.

5. *Id.* at 14.

6. 42 U.S.C. § 2000e–16(c) (1982) provides in relevant part:
   Within thirty days of receipt of notice of final action taken by a department, agency, or unit . . . an employee or applicant for employment, if aggrieved by the final disposition of his complaint, or by the failure to take final action on his complaint, may file a civil action as provided in section 2000e–5 of this title, in which civil action the head of the department, agency, or unit, as appropriate, shall be the defendant.

7. 5 U.S.C. § 552a(g)(5) (1982) provides in pertinent part:
   An action to enforce any liability created under this section may be brought . . . within two years from the date on which the cause of

The District Court did not address any of the arguments raised by Jarrell in his opposition to the appellees' request for summary judgment.

## II. ANALYSIS

### A. *Naming the Appropriate Defendant*

■ Although Title VII is the exclusive remedy available to a federal employee seeking redress of employment discrimination, *Brown v. General Services Administration*, 425 U.S. 820, 835, 96 S.Ct. 1961, 1969, 48 L.Ed.2d 402 (1976); *Kizas v. Webster*, 707 F.2d 524, 542 (D.C.Cir.1983), *cert. denied,* —— U.S. ——, 104 S.Ct. 709, 79 L.Ed.2d 173 (1984), and the head of the agency is the only proper defendant in a Title VII action, 42 U.S.C. § 2000e–16(c) (1982); *Davis v. Califano*, 613 F.2d 957, 958 n. 1 (D.C.Cir.1980), the failure of this *pro se* litigant to name the Postmaster General as the proper defendant does not warrant dismissal of this action with prejudice. Leave to amend a complaint "shall be freely given when justice so requires," FED. R.CIV.P. 15(a), and dismissal with prejudice should be granted only when the trial court determines that "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Bonanno v. Thomas*, 309 F.2d 320, 322 (9th Cir.1962); *see also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Sinclair v. Kleindienst*, 645 F.2d 1080, 1085 (D.C.Cir.1981). It is clear that appellant can cure the deficiency in the complaint simply by naming the Postmaster General as the party defendant. On remand, the plaintiff should be allowed a reasonable amount of time to amend his complaint to comply with this procedural requirement.

### B. *Timeliness of the Title VII Claim*

■ The District Court's alternative holding, that the appellant's Title VII claim was untimely, must also be reversed because the court failed to consider whether equitable principles warranted a tolling of the filing period. While it is clear that a timely administrative charge is a prerequisite to initiation of a Title VII action in the District Court, *Brown v. GSA*, 425 U.S. at 832–33, 96 S.Ct. at 1967–68, the time-filing requirements are not jurisdictional prerequisites to suit, but are more "like a statute of limitations, [which] is subject to waiver, estoppel, and equitable tolling." *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *see also Kizas v. Webster*, 707 F.2d at 543; *Bethel v. Jefferson*, 589 F.2d 631, 641–42 (D.C.Cir.1978). The requirement that an employee bring his complaint to the attention of an EEO Counselor within thirty days of the alleged discriminatory event is subject to equitable tolling. *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982) (per curiam).[8]

■ In the instant case, Jarrell clearly pleaded equitable considerations which may excuse noncompliance with the filing requirement. The appellant alleged that he did not contact an EEO Counselor because he relied on the assurances of an EEO officer that the officer was attempting to have the information expunged from the

action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed to an individual and the information so misrepresented is material to establishment of the liability of the agency to the individual under this section, the action may be brought at any time within two years after discovery by the individual of the misrepresentation.

8. Neither the District Court nor appellees (in the action before the trial court or on this appeal) even acknowledged the applicability of the principle that Title VII filing requirements are subject to equitable tolling. These omissions are particularly troublesome in the light of the principal purposes of Title VII:

[B]ecause Title VII is remedial legislation dependent for its enforcement on laymen, we must seek in every case 'an interpretation animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination,' and resultantly that resort to technicalities to foreclose recourse to administrative or judicial processes is 'particularly inappropriate.'

*Bethel v. Jefferson*, 589 F.2d at 642 (citations omitted).

records. The failure to contact an EEO Counselor within thirty days of the alleged discriminatory event may be excused if it is the result of justifiable reliance on the advice of another government officer. *See Siegel v. Kreps*, 654 F.2d 773, 777 (D.C.Cir. 1981); *Cooper v. Bell*, 628 F.2d 1208, 1214 (9th Cir.1980); *Henry v. Schlesinger*, 407 F.Supp. 1179 (E.D.Pa.1976). The appellant also alleged that he was not aware of the information giving rise to his complaint until May of 1983, because the Government had excised the objectionable material from the records given him in response to his FOIA request. If Jarrell can prove this allegation, the appellees may be foreclosed from asserting that the complaint was untimely. *See Oaxaca v. Roscoe*, 641 F.2d 386, 390–91 (5th Cir.1981); *Cooper v. Bell*, 628 F.2d at 1212; *Reeb v. Economic Opportunity Atlanta, Inc.*, 516 F.2d 924, 929–30 (5th Cir.1975). The District Court, did not, however, address any of the contentions raised by the appellant; rather, it seemed to treat the thirty-day requirement as a jurisdictional prerequisite to suit. Because these issues involve factual determinations, and may raise questions of credibility, they should be addressed by the District Court in the first instance. Therefore, we will remand this action for proper consideration by the District Court.

C. *Timeliness of the Privacy Act Claim*

■ The trial court also erred in dismissing Jarrell's Privacy Act claim as untimely. A party moving for summary judgment under Federal Rule of Civil Procedure 56(c) must show that "there is no genuine issue as to any material fact." *Williams v. Washington Metropolitan Area Transit Authority*, 721 F.2d 1412, 1414 (D.C.Cir.1983). The statute governing the time limits for Privacy Act claims provides that all actions must be commenced "within two years from the date on which the cause of action arises, except that where an agency has materially and willfully misrepresented any information required under this section to be disclosed ... the action may be brought at any time within two years after discovery by the individual of the misrepresentation." 5 U.S.C. § 552a(g)(5) (1982). The government contended that the instant cause of action arose in November 1980, when the Postal Service issued its final decision sustaining the denial of the appellant's expungement requests. The appellant alleged that, because the Postal Service had excised certain parts of the documents, he was not aware of the information until May 27, 1983. The appellant, therefore, has raised an issue of material fact and summary judgment was inappropriate.

### III. CONCLUSION

For the foregoing reasons, the judgment of the District Court is vacated, and the case is remanded for proceedings consistent with this opinion.