**Gloria HALCOMB, Plaintiff,**

v.

**OFFICE OF THE SENATE SERGEANT–AT–ARMS OF THE UNITED STATES SENATE, Defendant.**

**Civil Action No. 01–1428 (RBW).**

United States District Court,
District of Columbia.

June 3, 2002.

Johnny Barnes, Washington, DC, for Plaintiff.

Gloria A. Halcomb, Silver Spring, MD, Pro se.

Erica A. Watkins, Claudia Kostel, Office of Senate Chief Counsel for Employment, Washington, DC, for Defendant.

### MEMORANDUM OPINION

WALTON, District Judge.

This action is brought by plaintiff, Gloria Halcomb, against her employer, the Office of the Sergeant–at–Arms of the United States Senate, pursuant to Title IV of the Congressional Accountability Act of 1995, 2 U.S.C. §§ 1301–1438 (2000) ("CAA"), for alleged racial and sexual discrimination and retaliation. Currently before the Court is defendant's Motion to Dismiss plaintiff's entire complaint based upon plaintiff's failure to timely serve the United States Attorney General pursuant to Federal Rule of Civil Procedure 12(b)(5). Alternatively, defendant moves to dismiss on subject matter jurisdiction grounds pursuant to Federal Rule of Civil Procedure 12(b)(1) Count II of plaintiff's complaint, in which plaintiff alleges a claim of retaliation, due to plaintiff's failure to request counseling and mediation of that claim as required by the CAA. For the reasons set forth herein, defendant's motion is granted in part and denied in part.

### I.

Defendant's first argument, that the entire complaint should be dismissed because of insufficient service of process, is now moot. At the status conference that was held in this matter on April 4, 2002, the Court orally granted plaintiff's motion to extend the time to serve the Attorney General until May 6, 2002; the summons and complaint were served on April 22, 2002. Therefore, since service was completed within the time authorized by the Court, the complaint can not be dismissed pursuant to Rule 12(b)(5).

### II.

Defendant's second argument is not as easily resolved. The CAA makes several anti-discrimination laws, such as Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1994), applicable to the legislative branch of the federal government. *See* 2 U.S.C. § 1302. Pursuant to section 1408(a) of the CAA:

(a) Jurisdiction

The district courts of the United States shall have jurisdiction over any civil action commenced under section 1404 of this title and this section by a covered employee who has completed counseling under section 1402 of this title and mediation under section 1403 of this title. A civil action may be commenced by a covered employee *only* to seek redress for a violation for which the employee has *completed counseling and mediation.*

(emphasis added). Thus, it is only after the completion of counseling and mediation that a covered employee may initiate a civil action under the CAA in this Court. 2 U.S.C. § 1404.[1]

In reviewing a motion to dismiss based upon lack of subject matter jurisdiction under Rule 12(b)(1), the court must accept the complaint's factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Thompson v. Capitol Police Bd.,* 120 F.Supp.2d 78, 81 (D.D.C. 2000). When such a challenge is mounted pursuant to Rule 12(b)(1), the plaintiff has the burden of establishing the Court's jur-

---

**1.** Specifically, section 1404 provides in relevant part:

Not later than 90 days after a covered employee receives notice of the end of the period of mediation ... such covered employee may ... (2) file a civil action in accordance with section 1408 of this title in the United States district court for the district in which the employee is employed or for the District of Columbia.

2 U.S.C. § 1404.

isdiction. *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F.Supp.2d 9, 13 (D.D.C.2001) (citation omitted).

 Defendant argues in its motion to dismiss that as indicated by plaintiff's own allegations, she completed counseling under the CAA on November 24, 2000, and completed mediation on March 30, 2001. (See Defendant's Motion to Dismiss ("Def.'s Mot.") at 10; Compl. ¶ 2.)[2] However, the retaliation claim, which consists of the selection of someone other than plaintiff for the position of Senior Media Coordinator, a position that was not available until "mid-November 2000," and therefore after the counseling process required by the CAA had begun (Compl.¶ 15), and the "tighten[ing by defendant of] its supervision of plaintiff to a level not imposed on other employees ..." did not occur until after plaintiff initiated the CAA's administrative process "and particularly [after] [m]ediation [commenced] ... in December 2000 ..." (Compl.¶ 17.) It is unclear from paragraphs 15 and 16 of the complaint whether plaintiff's failure to be promoted was included in the counseling process since the vacancy for the position she did not receive did not become available until after the counseling process commenced and the position remained vacant thereafter for six months. Moreover, it cannot be determined from paragraph 17 of the complaint whether the alleged "tightened supervision" of plaintiff was a subject of the counseling and mediation process since the actions complained about began after the CAA's administrative process was initiated and "particularly [after] [m]ediation under the ... [CAA] was instituted ..." Therefore, it appears that plaintiff's retaliation claim was filed prematurely and must be dismissed since she has failed at this time to fully exhaust the administrative procedures set forth in the CAA as prerequi-

sites to filing a lawsuit. *See Moore v. Capitol Guide Bd.*, 982 F.Supp. 35, 39 (D.D.C.1997) (dismissing plaintiff's claims of discrimination brought pursuant to the CAA under Rule 12(b)(1) against named defendants who were not notified or included in the "administrative dispute-resolution procedures set forth in ... the CAA.").

Although plaintiff seems to acknowledge that her retaliation claims were not subjected to the CAA's counseling and mediation process, she argues that the survival of the retaliation count of her complaint is not dependent on the occurrence of those events. (Plaintiff's Memorandum in Opposition to Defendant's Motion to Dismiss or Alternatively Plaintiff's Motion for Enlargement of Time ("Pl.'s Opp.") at 4, 5–6.) Despite this position, plaintiff indicates in her opposition that she "is filing a complaint with the Office of Compliance ["OC"], alleging retaliation against Defendant." (*Id.* at 5–6.) Following the filing of her complaint with the OC, plaintiff notes that the "strict time frame associated with the Consultation and Mediation process" will shortly thereafter moot defendant's Rule 12(b)(1) dismissal challenge to her retaliation claim. (*Id.* at 5–6.) Therefore, she argues that the Court should not dismiss her retaliation claim because if she does not achieve a favorable result at the conclusion of the administrative process she can then seek to amend her complaint, a procedure that will save her time and money as compared to the additional effort and costs she would have to expend to refile the retaliation claim if that count of the complaint is dismissed. (*Id.* at 5–6.) Plaintiff also opines that a newly filed retaliation claim would "face other procedural and substantive attacks from Defendant." (*Id.* at 6.) In addition, plaintiff argues that "[s]ubject matter jur-

---

**2.** "Compl." refers to the complaint that was filed by plaintiff in this case.

isdiction should not be used [sic] to dismiss a case unless there is not even a remotely plausible federal claim." (*Id.*) She further contends that "failure to exhaust administrative remedies does not affect subject matter jurisdiction, especially as here in a discrimination case, when courts are permitted to toll filing requirements equitably in certain circumstances." (*Id.* at 5.)

■ Plaintiff is correct that the time requirements for filing a claim of discrimination in Title VII cases is not "a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). Thus, equitable considerations may be available to toll the time when a discrimination claim must be filed. *Jarrell v. United States Postal Service,* 753 F.2d 1088, 1091–92 (D.C.Cir.1985) (holding that plaintiff pleaded "equitable considerations which may excuse noncompliance with the [Title VII] filing requirement" and the case was remanded to the district court to determine whether these equitable considerations would permit the complaint to be considered as timely filed).

The *Thompson* case, which was decided by another district judge of this district, is the only case the Court has discovered in which it was held that equitable tolling principles are applicable to the CAA. In the *Thompson* case, the plaintiff had failed to request counseling by the OC within 180 days of the alleged violations as required by 2 U.S.C. § 1402(a). 120 F.Supp.2d at 79. The court in *Thompson* reasoned that,

like Title VII, "the CAA provision that specifies a time for filing charges appears in a separate section from the one covering jurisdiction, and does not make any mention of jurisdiction. *See* 2 U.S.C. [§ ] § 1402(a) ... 1408(a)." [3] Nevertheless, even though the *Thompson* court held that equitable tolling principles are applicable to the CAA, it dismissed plaintiff's claim because he failed to present any evidence that his situation was an "extraordinary and carefully circumscribed instance suitable for equitable tolling." *Id.* at 83.

■ This Court finds that the language of the CAA requires completion of counseling and mediation as jurisdictional prerequisites to filing a lawsuit. In addition, this case is distinguishable from *Thompson* because in that case the plaintiff had completed counseling although he had done so beyond the time period allotted by the CAA. *See* 2 U.S.C. § 1402(a) ("A request for counseling shall be made no later than 180 days after the date of the alleged violation.") (emphasis added). Therefore, although plaintiff raises the equitable tolling argument in her opposition, the Court does not find that this situation is one in which it is even applicable because this situation does not involve an expired limitation period, but rather plaintiff's failure to even engage in the requisite administrative procedures needed to confer jurisdiction to this Court to entertain her retaliation claim. In contrast to *Thompson*, here plaintiff seeks to have the Court entertain her claim for retaliation even though it appears that she has not even participated in counseling and mediation regarding the

---

**3.** The counseling provision of the CAA, 2 U.S.C. § 1402(a), provides in part that "[t]o commence a proceeding, a covered employee alleging a violation of a law made applicable under part A of subchapter II of this chapter *shall* request counseling by the Office.... A request for counseling shall be made no later than 180 days after the date of the alleged violation." (emphasis added). And, 2 U.S.C. § 1408(a) provides that a district court "shall have jurisdiction over any civil action commenced under section 1404 of this title and this section by a covered employee *who has completed counseling* under section 1402 of this title and mediation under section 1403 of this title." (emphasis added).

matters related to that claim. The Court concludes such a result is not permissible under the CAA.

■ Where Congressional legislation, such as the CAA, has waived the United States' sovereign immunity, any claims brought pursuant to that legislation must adhere to the terms that condition such a waiver. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) ("the terms of [the United States'] consent to be sued in any court define th[e] court's jurisdiction to entertain the suit."). Because the language of the CAA provision at issue in this case clearly confers jurisdiction to this Court only if plaintiff has satisfied the administrative prerequisites to filing suit, the Court holds that plaintiff's claim of retaliation must be dismissed for failure to exhaust her administrative remedies. *See* 2 U.S.C. § 1408(a) ("A civil action may be commenced by a covered employee *only* to seek redress for a violation for which the employee has *completed counseling and mediation.*") (emphasis added). In contrast, "the provision granting district courts jurisdiction under Title VII, 42 U.S.C. §§ 2000e 5(e) and (f) does not limit jurisdiction to those cases in which there has been a timely filing with the EEOC." *Zipes,* 455 U.S. at 393, 102 S.Ct. 1127.

Plaintiff's final argument is that *pro se* pleadings are entitled to "charitable construction" and that "it may be reversible error to grant a motion to dismiss because pro se [sic] complaints are held to less stringent standards than complaints drafted by lawyers." (Pl.'s Opp. at 7.)[4] However, the cases cited by plaintiff involve pleadings drafted by *pro se* prisoners. *See Boag v. MacDougall,* 454 U.S. 364, 365, 102 S.Ct. 700, 70 L.Ed.2d 551 (1982) (reversing court of appeals' dismissal of a prisoner's *pro se* complaint because, con-

structed "liberally" it stated a cause of action); *Haines v. Kerner,* 404 U.S. 519, 521, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (reversing lowers courts' dismissal of a prisoner's *pro se* complaint because, "under the allegations of the ... complaint, which we hold to less stringent standards than formal pleadings drafted by lawyers ..." it did not appear "beyond doubt that plaintiff [could] prove no set of facts in support of his claim which would entitle him to relief.") (citations omitted); *Cooper v. Sheriff, Lubbock County, Texas,* 929 F.2d 1078, 1084–85 (5th Cir.1991) (reversing district court's dismissal of a prisoner's *pro se* complaint that the appellate court found "present[ed] sufficient facts upon which relief could be granted."). Here, plaintiff is now represented by counsel who could have sought leave to file an amended complaint. That was not done, however. In any event, even giving a liberal construction to the *pro se* complaint does not rescue plaintiff's retaliation count from the fate of dismissal. The cases cited by plaintiff do not involve situations akin to this case, where the Court is not dismissing plaintiff's pleading for failure to state a claim, but is dismissing one count of plaintiff's complaint because she failed to adhere to the administrative prerequisites necessary to judicially pursue this claim.

For these reasons, Count II of plaintiff's complaint in which she alleges a charge of retaliation must be dismissed. However, the Court will dismiss this claim without prejudice. If in fact plaintiff files requests for mediation and counseling and these procedures are completed within a timely fashion, as she asserts they will be, then it may be legally appropriate for the Court to permit plaintiff to amend her complaint

---

4. Although plaintiff filed her complaint as a *pro se* litigant, she is now represented by counsel who filed her opposition to defendant's motion to dismiss.

and add the now dismissed retaliation claim.

**SO ORDERED** on this 3rd day of June, 2002.[5]

### *ORDER*

In accordance with the Memorandum Opinion that is being issued in this matter, it is hereby

**ORDERED** that Defendant's Motion to Dismiss [# 7] is granted in part and denied in part. Defendant's request that plaintiff's entire complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) is denied as moot because plaintiff has accomplished service in the time allotted by the Court. However, because plaintiff has failed at this time to exhaust the administrative remedies regarding Count II (the retaliation claim) of her complaint, that count is hereby dismissed without prejudice.

---

**5.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.