Michael L. **CRISTWELL**, Plaintiff,

v.

Ann **VENEMAN**, Secretary U.S. Department of Agriculture, Defendant.

Civil Action No. 01–0116 (RBW).

United States District Court, District of Columbia.

Sept. 17, 2002.

---

**3.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.

Nathaniel David Johnson, Washington, DC, Stephen A. Coren, Arlington, VA, Shelley Lynn Madden, Washington, DC, for plaintiff.

Jennifer U. Toth, Diane Marie Sullivan, Andrew David Auerbach, Washington, DC, for defendant.

## MEMORANDUM OPINION

WALTON, District Judge.

This matter comes before the Court upon defendant's motion to dismiss the plaintiff's complaint that alleges violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e–16 (2000). Specifically, the defendant asserts that due to the plaintiff's failure to comply with Title VII's administrative filing deadlines, his complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1).[1] Upon consideration of the parties' submissions and for the reasons set forth below, the Court must grant the defendant's motion to dismiss because the plaintiff has failed to sufficiently establish circumstances to warrant the application of either equitable tolling or estoppel.

### I. Factual Background

The plaintiff, a fifty-one year-old African American male, is a lead copier employed in the Office of Operation, Copier Services Division, at the United States Department of Agriculture (the "Department"). Complaint ("Compl.") at 2. On October 6, 1999, the plaintiff contacted an EEO counselor concerning allegations of employment discrimination based on his age and race. Compl. Exhibit ("Ex.") 1 at 1. On January 13, 2000, after resolution efforts of the plaintiff's claims were unsuccessful, he was notified by the Department's EEO counselor of his right to file a formal discrimination complaint with the Department within fifteen days and received a Notice of Right to File a Formal Complaint ("Notice"). Id. Twenty-five days later, on February 7, 2000, the plaintiff filed a formal complaint with the Department.[2] Id. at 2. On June 30, 2000, the Department's Office of Civil Rights issued its final decision and dismissed the complaint "in its entirety for failure to file in a timely manner." Id. at 1. The Department's final decision notified the plaintiff that an appeal of its decision may be filed with the Equal Employment Opportunity Commission ("EEOC") within thirty calendar days after receipt of its final decision. Id. at 2. In addition, the final decision notified the plaintiff of the applicable time periods in which he could file a civil action in federal court.[3] The

---

1. The defendant also asserts that the complaint should be dismissed because of the plaintiff's failure to also timely file his civil complaint with this Court. Because this Court finds that it must dismiss the complaint based on the plaintiff's failure to timely pursue and exhaust his administrative remedies, it need not address this issue.

2. The EEO Complaint Final Decision calculates the delay from the time the notice of right to file a complaint was issued to the date the plaintiff filed his complaint as twenty-three calendar days. Compl. Ex. 1 at 2. However, the Court's calculation is actually twenty-five days (January 13, 2000 to February 7, 2000).

3. The final decision notified the plaintiff that

plaintiff acknowledges that he received the final decision on September 29, 2000. Plaintiff's Motion in Opposition to Defendant's Motion for Dismissal ("Pl.'s Mot.") at 3. It was not until November 28, 2000, approximately one month after the October 29, 2000 deadline for filing an appeal, that the plaintiff filed an appeal with the EEOC. *Id.* at 4. Subsequently, on March 15, 2001, after a review of the final agency decision, the EEOC dismissed the plaintiff's appeal, finding that he had failed to comply with its thirty calendar day appeal filing requirement after receipt of the final decision of the Department's EEO and failed to offer an adequate justification for the untimely filing. *Id.* n. 1; Defendant's Motion to Dismiss the Compl. ("Def.'s Mot.") Ex. 8. However, prior to receiving the EEOC's decision, the plaintiff filed a complaint with this Court on January 22, 2001.

## II. *Standard of Review: Rule 12(b)(1)*

Federal Rule of Civil Procedure 12(b)(1) requires that the plaintiff bear the burden of establishing by a preponderance of the evidence that the court has jurisdiction to entertain his claims. Fed.R.Civ.P. 12(b)(1); *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F.Supp.2d 9, 13 (D.D.C.2001) (holding that the court has an "affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority."); *Pitney Bowes, Inc. v. United States Postal Serv.,* 27 F.Supp.2d 15, 18 (D.D.C.1998); *Darden v. United States,* 18 Cl.Ct. 855, 859 (Cl.Ct.1989). While the Court must accept as true all the factual allegations contained in the complaint when reviewing a motion to dismiss pursuant to Rule 12(b)(1), *Leatherman v. Tarrant County Narcotics Intelligence &*

*Coordination Unit,* 507 U.S. 163, 164, 113 S.Ct. 1160, 122 L.Ed.2d 517 (1993), because the plaintiff has the burden of proof to establish jurisdiction, the " 'plaintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion' than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of Fraternal Order of Police,* 185 F.Supp.2d at 13–14 (citation omitted). Finally, the Court notes that in deciding a Rule 12(b)(1) motion, it is well established in this Circuit that a court is not limited to the allegations in the complaint but may consider material outside of the pleadings in its effort to determine whether the court has jurisdiction in the case. *See EEOC v. St. Francis Xavier Parochial Sch.,* 117 F.3d 621, 624–25 n. 3 (D.C.Cir.1997); *Herbert v. Nat'l Acad. of Scis.,* 974 F.2d 192, 197 (D.C.Cir.1992); *Haase v. Sessions,* 835 F.2d 902, 906 (D.C.Cir.1987); *Hohri v. United States,* 782 F.2d 227, 241 (D.C.Cir. 1986); *Grand Lodge of Fraternal Order of Police,* 185 F.Supp.2d at 14.

## III. *Legal Analysis*

The issue for resolution in this case is whether the plaintiff's complaint should be dismissed because he has failed to timely file each and every request for administrative relief. The District of Columbia Circuit has stated that the EEOC has been given "broad authority to enforce [Title VII's] antidiscrimination mandate within the federal government, including responsibility for issuing regulations to control federal agencies' processing of discrimination complaints. *Bowden v. United States,* 106 F.3d 433, 437 (D.C.Cir.1997) (citing 42 U.S.C. § 2000e–16(b)). It is axiomatic that "[c]omplainants must timely

he could file a civil action: within ninety (90) days of receipt of this final decision if no appeal has been filed; or within ninety (90) days after receipt of the EEOC's final decision

on appeal; or after one hundred and eighty (180) days from the date of filing an appeal with the EEOC if there has been no final decision by the EEOC. Compl. Ex. 1 at 4.

exhaust these administrative remedies before bringing their claims to court." *Id.* (citing *Brown v. GSA*, 425 U.S. 820, 832–33, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976); *Bayer v. United States Dept. of the Treasury*, 956 F.2d 330, 332 (D.C.Cir.1992)). Individuals "who fail[ ] to comply, to the letter, with administrative deadlines 'ordinarily will be denied a judicial audience.' " *Brown v. Marsh*, 777 F.2d 8, 14 (D.C.Cir. 1985) (quoting *Shehadeh v. Chesapeake & Potomac Telephone Co.*, 595 F.2d 711, 727 (D.C.Cir.1978)). Administrative time limits contained in Title VII are not "jurisdictional bars to bringing suit . . . but function[ ] like statutes of limitations, these time limits are subject to equitable tolling, estoppel, and waiver." *Marsh*, 777 F.2d at 14 (citations omitted). In this Circuit it is clear that "[b]ecause untimely exhaustion of administrative remedies is an affirmative defense, the defendant bears the burden of pleading and proving it. If the defendant meets its burden, the plaintiff then bears the burden of pleading and proving facts supporting equitable avoidance of the defense." *Bowden*, 106 F.3d at 437 (citations omitted). While the plaintiff acknowledges that he failed to timely comply with the administrative filing deadlines, he alleges several considerations that he asserts provide grounds for equitable tolling of these deadlines or the application of equitable estoppel to prevent the defendant from asserting the failure to exhaust administrative remedies as an affirmative defense. *See* Pl.'s Mot. at 4–7. He therefore bears the burden of proving that equitable principles preclude the dismissal of this action. *Bowden*, 106 F.3d at 437.

## (A) *Equitable Remedies Available to the Plaintiff*

■ As discussed above, it is undisputed, and in fact acknowledged by the plaintiff, that he failed to timely file his administrative complaint, which he filed ten days

late, and his appeal to the EEOC of the Department's denial of his complaint, which was filed thirty days late. Nevertheless, the Court must examine whether the plaintiff has alleged sufficient facts for the Court to find that either the principle of equitable tolling or equitable estoppel preclude the dismissal of this action. The District of Columbia Circuit has explained the "distinct criteria" associated with each equitable principle:

> [w]hereas equitable tolling allows a plaintiff to avoid the bar of the limitations period if despite all due diligence he is unable to obtain vital information bearing on the existence of his claims, citing *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 579 (D.C.Cir. 1998), equitable estoppel in the statute of limitations context prevents a defendant from asserting untimeliness where the defendant has taken active steps to prevent the plaintiff from litigating in time, *id.* at 580 (citation omitted).

*Currier v. Radio Free Europe/Radio Liberty, Inc.*, 159 F.3d 1363, 1367 (D.C.Cir. 1998).

### (1) *The Administrative Complaint*

■ As grounds for the application of equitable tolling of the fifteen day deadline for filing an administrative complaint once he received the Department's Notice, the plaintiff seemingly asserts that he failed to timely file his administrative complaint because he had difficulty obtaining certain "documents." Pl.'s Mot. at 3. Specifically, the plaintiff alleges that

> [i]n a letter dated January 13, 2000, Mr. Cristwell was notified of his right to file a formal complaint with the Department within fifteen (15) calendar days. Mr. Cristwell completed his complaint and filed it on February 7, 2000. Around this time, the Office of Civil Rights told him that they were having trouble 'find-

ing' him to send him documents. In fact, he was forced to go to the Office in February 2000 to ask about the investigator's report when he failed to receive his copy. However, Mr. Cristwell was still working in the same office as when [ ] he first filed his complaint and his personal residence had remained unchanged as well.

*Id.* The plaintiff has failed to allege the nature or relevance of these "documents", and the Court is frankly unable to see the importance of these "documents" and why it was necessary for the plaintiff to have them prior to filing his complaint.[4] While the plaintiff seems to asset that the Department was having trouble locating him, he has made no allegation that he failed to receive the Notice on January 13, 2000. Having received the Notice on January 13, 2000, which clearly indicates that he had a "right to file a formal discrimination complaint with the Department of Agriculture within 15 calendar days after [he] received this notice," Def.'s Mot. Ex. 1, the plaintiff has not demonstrated why he needed something more to be able to file a formal administrative complaint with the Department.

 The Court is unable to find on the record before it that the plaintiff's administrative deadline for filing a complaint should be equitably tolled because it is clear that "[o]ne who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d

196 (1984). For the principle of equitable tolling to apply the plaintiff's excuse must be more than "a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). The "court's equitable power to toll the statute of limitations will be exercised only in extraordinary and carefully circumscribed instances." *Mondy v. Sec'y of the Army*, 845 F.2d 1051, 1057 (D.C.Cir.1988). Here, the plaintiff's call for application of equitable relief clearly does not fall into that category. His excuse for not filing his administrative complaint is insufficient to establish due diligence, and falls far short of the extraordinary circumstances that must exist to invoke the remedy of equitable tolling.

### (2) *The Administrative Appeal*

 With regards to his failure to timely file an administrative appeal with the EEOC challenging the Department's dismissal decision within thirty days of receipt of the agency's Final Decision, the plaintiff asserts that he "hesitated to file an appeal to the EEOC" because he was "working with his supervisors to informally resolve the allegations ... [including] attempt[ing] to resolve the matter through mediation and negotiation" with the Department. Pl.'s Mot. at 3–4. The plaintiff asserts that he only later filed the appeal when he "found that the agency officials were acting in bad faith, and the negotiations were being used as a means to delay his claims." *Id.* at 4. However, as dis-

---

4. If the plaintiff is asserting as an excuse for his tardiness the fact that he did not receive the EEO Counselor's Report prior to the fifteen day deadline, the Court finds it noteworthy that if this document was so critical to the filing of his administrative complaint, one would think that the plaintiff would be asserting that once he received the report he immediately thereafter submitted his complaint. However, the plaintiff filed his administrative complaint on February 7, 2000 and the EEO Counselor's Report was not completed until three days later, on February 10, 2000, *see* Def.'s Mot. Ex. 2–3, which demonstrates that the plaintiff was able to file the complaint without the documents he now claims he needed to do so.

cussed above, for the plaintiff to successfully assert equitable estoppel, he must demonstrate that he was diligent and must point to "active steps" the defendant took to prevent the plaintiff from making a timely filing. *See Currier,* 159 F.3d at 1367; *Smith–Haynie,* 155 F.3d at 579. For a plaintiff to successfully assert equitable estoppel, when it is alleged that an untimely filing was a result of conduct by the defendant, the plaintiff must be able to point to some type of "affirmative misconduct" or misleading information regarding the filing deadline by the defendant. *See Washington v. WMATA,* 160 F.3d 750, 752–53 (D.C.Cir.1998). However, in the instant case, the plaintiff simply alleges that he was involved in mediation and negotiations with the Department and merely asserts in conclusory terms that he discovered that the agency officials he was negotiating with were using the negotiations "as a means to delay his claims." Pl.'s Mot. at 4. The plaintiff has failed to specify any "affirmative misconduct" that caused him to be "induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin,* 498 U.S. at 96, 111 S.Ct. 453 (citing *Glus v. Brooklyn Eastern Dist. Terminal,* 359 U.S. 231, 79 S.Ct. 760, 3 L.Ed.2d 770 (1959) ("adversary's misrepresentation caused plaintiff to let filing period lapse"); *Holmberg v. Armbrecht,* 327 U.S. 392, 66 S.Ct. 582, 90 L.Ed. 743 (1946) (same)). Moreover, the plaintiff's conclusory assertion that the agency officials acted in "bad faith" lacks any sort of particularity, as he fails to provide any details about the basis for his position or the circumstances that resulted in his discovery regarding the alleged improper purpose behind the negotiations.[5]

Furthermore, the Court agrees with the defendant's observation that the plaintiff's reliance on the District of Columbia Circuit's decision in *Jarrell v. United States Postal Service,* 753 F.2d 1088 (D.C.Cir. 1985) is misplaced. In *Jarrell,* the plaintiff advanced several equitable considerations for failing to comply with the administrative filing deadline after conferring with an EEO officer about expunging certain employment records. The equitable considerations pled included the fact that he was participating in ongoing settlement negotiations with the defendant, that he had relied on assurances of an EEO officer that the officer was "doing all he could to see" the information expunged from the records, and that he was not aware of all of the objectionable information because the defendant had excised certain parts of the records that it had given to the plaintiff pursuant to a Freedom of Information Act request. *Id.* at 1090–92. The Circuit Court found that the plaintiff adequately pleaded equitable considerations to excuse his non-compliance with the administrative deadlines because of his reliance on the assurances of the EEO officer that he was seeking to have the records expunged and the government's deletion of the objectionable material from documents sent to him by the government. *Id.* at 1091–92. Conspicuously absent from the Court's discussion of the equitable considerations pled by the plaintiff was the mere fact that he was engaged in ongoing settlement negotia-

**5.** The plaintiff simply states that he "completed and filed the appeal to the EEOC on November 28, 2000, after the mediation attempts failed and the proper October 29th deadline for the action had passed." Pl.'s Mot. at 4. Apparently, the plaintiff began to negotiate with the Department as early as February 2000. *Id.* at 3–4 ("a draft settlement was proposed to management in February 2000"). The Court is left to wonder whether the plaintiff discovered the alleged "bad faith" prior to or after the October 29, 2000, deadline for filing his appeal.

tions with the defendant. While the alleged representations by the EEO officer that he was seeking to have some of Jarrell's records expunged was part of the settlement process, *id.* at 1090, the Circuit Court did not consider participation in the settlement process itself as a factor that alone can invoke equitable estoppel. And so it should be. Settlement is the lifeline of the civil justice system. Without it, the entire system would collapse from the weight of unresolved cases. Accordingly, settlement negotiations are an essential component of the settlement process. To excuse filing obligations on equitable grounds solely because parties were engaged in settlement discussions would virtually eviscerate filing time requirements and throw the orderly and expeditious processing of Title VII cases into even further disarray. Something more than mere participation in settlement negotiations must be demonstrated. Thus, when, as in *Jarrell*, a party to settlement negotiations makes representations that impact another party's decision to take action, the Circuit Court held that equitable principles must be considered. The same cannot be said, however, when all a party asserts is the conclusory allegation that the other party had not negotiated "in good faith." Something more is needed and the plaintiff in this case does not meet that mark with the vague and unsupported assertion that the defendant participated in the settlement discussions in bad faith. *See Battle v. Rubin,* 121 F.Supp.2d 4, 6 (D.D.C.2000) (court declined to apply equitable tolling doctrine in a Title VII case because plaintiff failed to exhaust administrative remedies and dismissed complaint under Rule 12(b)(1)). To conclude otherwise would effectively permit the plaintiff to avoid his obligation to timely pursue his administrative remedies solely because he was involved in settlement discussions with the defendant.

### (3) *The Plaintiff's Pro Se Status*

██ Finally, the Court has considered that the plaintiff was a *pro se* litigant while this case was before the administrative agency in deciding whether equitable principles should be invoked to excuse his failure to act in a timely manner. While courts have given greater leniency in the application of equitable principles to parties proceeding *pro se* in Title VII cases, the fact still remains, as the plaintiff acknowledges, *see* Pl.'s Mot. at 6, that even *pro se* plaintiffs must act diligently when pursuing their claims. *Bowden,* 106 F.3d at 438 (noting that courts have excused *pro se* parties "who make diligent but technically defective efforts to act within a limitations period."). As discussed above, this Court is unable to find that the plaintiff acted diligently in pursuing his administrative remedies, and therefore his status as a *pro se* party does not warrant the defeat of the defendant's dismissal motion.

## IV. *Conclusion*

Congress has established a procedural scheme for access to the federal courts under Title VII requiring the exhaustion of available administrative remedies. The Supreme Court has stated that "[i]n the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Id.* Thus, because this Court is unable to find that the plaintiff acted diligently in pursuing his administrative remedies and has failed to sufficiently allege affirmative acts of misrepresentation or misconduct by the defendant that effectively deterred or prevented him from timely filing his requests for administrative remedies, it must grant the defendant's motion to dismiss the complaint.[6]

### ORDER

Upon consideration of the defendant's motion to dismiss the complaint, and for the reasons set forth in the Memorandum Opinion accompanying this Order, it is hereby,

**ORDERED** that the defendant's motion to dismiss is **GRANTED;** and it is

**FURTHER ORDERED** that the above-captioned case is **DISMISSED WITH PREJUDICE.**

**6.** An Order consistent with the Court's ruling accompanies this Memorandum Opinion.