**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **DARLENE BENNETT**, | ) |
| | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil Action No. 19-cv-3575 (TSC) |
| | ) |
| **JAFNAR GUEYE,** *Acting Chief* | ) |
| (*Operations & Regulatory*) | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Plaintiff Darlene Bennett is an employee of the United States Commerce Department's, National Oceanic and Atmospheric Administration ("NOAA"). (Compl. ECF p. 7 ¶ 1.)[1] She brings this action against Jafnar Gueye, one of her NOAA supervisors, alleging violations of Title VII, 42 U.S.C. § 2000e *et seq.*, and the Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)-(9). (Compl. ECF pp. 1, 6; p. 7 ¶ 5; p. 12 ¶ 22; p. 13 ¶ 27.) Bennett alleges that Gueye harassed, as well as discriminated and retaliated against her because of her race. Gueye has moved to dismiss. (ECF No. 6.) For the reasons set forth below, the court will GRANT the motion without prejudice.

---

[1] Bennett's Complaint is divided into several documents, some of which are subdivided by numbers or letters, but not all the pages are not numbered consecutively. To avoid confusion, the court will cite to the ECF page number (ECF p.) and, where appropriate, the corresponding paragraph number or letter.

## A. TITLE VII

In a suit against a federal entity for alleged violations of Title VII, "the head of the department, agency, or unit, as appropriate, shall be [named] the defendant." 42 U.S.C. § 2000e-16(c). "While a construction of the statute to impose individual liability on an agent is facially plausible," the Court of Appeals has held that "a supervisory employee may be joined as a party defendant in a Title VII action, [but the] employee must be viewed as being sued in his capacity as the agent of the employer, who is alone liable for a violation of Title VII." *Gary v. Long*, 59 F.3d 1391, 1399 (D.C. Cir. 1995) (citing *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir. 1991)); *Busby*, 931 F.2d at 772 (holding that "[i]ndividual capacity suits under Title VII are . . . inappropriate" because "relief granted under Title VII is against the *employer,* not individual employees whose actions constituted a violation of [Title VII]") (emphasis in original) (citations omitted); *Jarrell v. U.S. Postal Serv.*, 753 F.2d 1088, 1091 (D.C. Cir. 1985) (noting that "the head of the agency is the only proper defendant in a Title VII action.") (citing 42 U.S.C. § 2000e-16(c)) (some citations omitted).

Gueye moves to dismiss on the grounds that he is not a proper party to this lawsuit with respect to Bennett's Title VII claims, which should have been brought against the agency or a department head. He argues that, even assuming Bennett intended to sue NOAA, dismissal is warranted because NOAA has not completed its internal investigation or issued a Final Agency action with respect to her claims and therefore Bennett has not exhausted her administrative remedies.

Bennett responds that she seeks to bring claims solely against Gueye, not the agency, and therefore is not required to exhaust her administrative remedies:

[T]his case is a Civil case against Mr. Jafnar Gueye. This is a PERSONAL matter. This matter is not against the government and has nothing to do with the government and should be handled as such. Mr. Gueye is being sued as an individual and not an entity of the government. The Plaintiff presented this case to the federal court to hold him directly accountable for his continuing, malicious, egregious, nefarious and intentional actions against the Plaintiff. The Plaintiff have [sic] a right to file this civil case against the defendant directly in this Court. . . .

This case is separate from [my EEOC] case . . . although he is also named in that case as well . . . [This civil case] has nothing to do with the listed Government case to which Mr. Gueye is named in [sic] and the Plaintiff is not requesting for the Agency to investigate this matter to which they lump it in with the Government case. . . .

Because this is a separate, individual matter to which the Plaintiff has filed this case against Mr. Gueye, the Plaintiff is not required to exhaust any administrative remedies to which federal guidelines require and does not require the permission of the agency.

(Pls. Response, ECF p. 2) (emphasis in original). She further explains that the current action is "separate from" her other ongoing civil action, also pending before this court, (*id*. ECF p. 15), and in which she named the Commerce Department Secretary as the Defendant. *See Bennett v. Ross*, 18-cv-2098-TSC (D.D.C.).

Despite the characterization of her claims as "personal" matters "separate from" her EEOC cases, Bennett's lawsuit stems from her allegations that Gueye discriminated against her in violation of federal employment laws:

Just because Mr. Gueye is an employee of the Commerce Department does not mean that he cannot be held accountable as a separate and individual [sic] for his actions. . . . Simply, because Mr. Gueye is not an Agency Head or a Department does not give him the position that he can carryout [sic] illegal, malicious, intentional, discriminative and retaliatory behavior and be allowed to get away with it [h]iding behind the pretense of his employer. . . . His actions are a clear and blatant violation of the Civil Rights federal law. Mr. Gueye should be aware of this law because each Commerce employee is required and mandated to take the EEO training . . . . The Plaintiff['s] case against Mr. Gueye is being presented to this court under the following: Age Discrimination in Employment Act 1967 (ADEA), Title VII of the Civil Rights Act of 1964 . . . retaliation/Reprisal, Hostile work environment, and Disparate Treatment.

(Pls. Response, ECF pp. 3-4.) Because the "personal matters" giving rise to this lawsuit are employment actions that Bennett claims violated federal employment laws, she cannot pursue her claims against Gueye individually, and the court will grant his motion to dismiss. *See Gary*, 59 F.3d at 1399 (upholding dismissal of Title VII claim against supervisor because he could not "be held liable in his personal capacity," but instead the claims "against him essentially merge[d]" with the claims against the employer) (citing *Busby,* 931 F.2d at 772).[2]

## B.  WHISTLEBLOWER PROTECTION ACT

Although the parties did not address the issue, the court must still decide whether Bennett's Whistleblower Protection Act, 5 U.S.C. § 2302(b)(8)-(9), claim survives. Although Bennett mentions the Act several times in her Complaint, she does not assert any facts under which a claim could be brought under the Act. In addition, there is no indication that she exhausted her administrative remedies with respect to such a claim. *See Tyson v. Brennan*, 277 F. Supp. 3d 28, 35 n.8 (D.D.C. 2017), *aff'd*, No. 18-5033, 2018 WL 5927921 (D.C. Cir. Nov. 7, 2018) (dismissing Whistleblower Protection Act claim, *sua sponte*, where Plaintiff did not allege that she had exhausted her administrative remedies) (citations omitted). Accordingly, the court will also dismiss Bennett's Whistleblower Protection Act claim.

---

[2]  Although Bennett makes random references to age discrimination in her Complaint, (*see e.g.,* Compl., ECF p. 6), she has not proffered any facts regarding discriminatory treatment based on age, nor even indicated her age. Even if Bennett had properly asserted facts to support an age claim, such claims would likewise be unactionable against Gueye individually. *See Smith v. Janey*, 664 F. Supp. 2d 1, 8 (D.D.C. 2009) (finding that there is no individual liability under the ADEA), *aff'd sub nom. Smith v. Rhee*, No. 09-7100, 2010 WL 1633177 (D.C. Cir. Apr. 6, 2010).

## C. CONCLUSION

For the reasons set forth above, by separate order this court will dismiss this action without prejudice.

Date: April 17, 2020

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge